■ In the Matter of 166 MAMARONECK AVENUE CORP., Appellant, v 151 EAST POST ROAD CORP., Respondent.—In a proceeding, *inter alia,* to compel arbitration, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Marbach, J.), entered February 14, 1989, which dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, and the petition is granted.

A renewal provision in the lease between the petitioner tenant and the respondent landlord provides the tenant with the "right, option and privilege" to renew the lease for a 21-year term. The lease also provides that if the parties are unable to agree upon the amount of rent for the renewal term, "the same shall be fixed by arbitration as provided for by the Civil Practice Act of the State of New York".

The tenant sought to renew the lease, but the parties were unable to agree as to the amount of rent. In this proceeding, the tenant seeks, *inter alia,* to compel the appointment of an arbitrator pursuant to CPLR 7504 (former Civ Prac Act § 1452), to determine the amount of rent for the tenant's renewal term.

The landlord argues that the proceeding was properly dismissed, as the renewal provision leaves the material aspect of rent for future negotiation and is, thus, merely an agreement to agree, which is unenforceable under the law of this State. We disagree. Here, as in *Cobble Hill Nursing Home v Henry & Warren Corp.* (74 NY2d 475, 483), "the option manifests the parties' unmistakable intent that price was to be fixed by a third person * * * itself providing an objective standard without the need for further expressions by the parties" *(see also,* 74 NY Jur 2d, Landlord and Tenant, § 361; 1 Corbin, Contracts § 98, at 435-436 [1963]). Rubin, J. P., Eiber, Rosenblatt and Miller, JJ., concur.